UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY J. MADERA,

                  Plaintiff,

-against-

NEW YORK POLICE DEPARTMENT, 44TH PRECINCT; HARRY AROCHO, Shield #24345; STANLEY SCHIFFMAN, Shield #00282; and ALEX YUNG, Shield #20484,

                  Defendants.

16-CV-5365 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, asserting that Defendants assaulted him during an arrest. By order dated August 2, 2016, the Court granted Plaintiff's request to proceed *in forma pauperis*.[1] The Court dismisses Plaintiff's claims against Defendant New York Police Department (NYPD), 44th Precinct, for the reasons set forth below, substitutes the City of New York as a defendant, and directs service on the remaining defendants and the City of New York.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

---

[1] Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the $350.00 filing fee even when they have been granted permission to proceed *in forma pauperis*. When Plaintiff filed this action, he was incarcerated; he has since been released from custody.

2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     New York City Police Department**

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Service on Defendants**

To allow Plaintiff to effect service on Defendants City of New York; Harry Arocho, Shield #24345; Stanley Schiffman, Shield #00282; and Alex Yung, Shield #20484 through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The service address for Defendants Harry Arocho and Alex Yung is New York City Police Department, 44th Precinct, 2 East 169 Street, Bronx, NY 10452-7800. The service address for Defendant Stanley

2

Schiffman is The Office of the Bronx County District Attorney, 198 E. 161st Street, Bronx, NY 10451. The service address for Defendant City of New York is New York City Law Department, 100 Church Street, New York, NY 10007.

The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

## CONCLUSION

The Court dismisses the New York Police Department, 44th Precinct, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to amend the caption of this action to replace the NYPD with the City of New York. *See* Fed. R. Civ. P. 21.

The Clerk of Court is directed to effect service on Defendants City of New York; Harry Arocho, Stanley Schiffman, and Alex Yung as set forth above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: August 11, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*