UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

ANTHONY J. MADERA,

                                  Plaintiff,

                -against-

CITY OF NEW YORK, HARRY AROCHO, Shield # 24345;
STANLEY SCHIFFMAN, Shield #00282; and ALEX YUNG,
Shield # 20484,

                                  Defendants.

-------------------------------------------------------------------------x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY AND SCHIFFMAN**

16 CV 5365 (JPO)

**JURY TRIAL DEMANDED**

        Defendants City of New York and Detective Investigator Stanley Schiffman ("Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege, upon information and belief, the following:

        1.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "I" of the Prisoner Form Complain and its subparts, except admit only that Anthony J. Madera is the plaintiff in this matter and that plaintiff purports to sue the defendants identified therein.[1]

        2.     Deny the allegations set forth in paragraph "II" of the Prisoner Form Complaint, its subparts, and the "attached sheets,"[2] except deny knowledge or information

---

[1] Upon information and belief, defendants Harry Arocho and Alex Yung have not yet been served with process despite the issuance of summonses regarding same on August 11, 2016. Accordingly, this Answer is not submitted on their behalves. Defendants note that the Court, in its August 11, 2016 Order, directed plaintiff that it is his "responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service" and that more than 90 days have passed since issuance of same. (Docket Entry No. 7) Defendants further note that on August 11, 2016, the Court issued an Order dismissing the New York City Police Department, 44th Precinct and instructing the Clerk of Court to issue a summons for the City of New York. (Docket Entry No. 7)

[2] Upon information and belief, the "attached sheets" to which plaintiff refers include pages "8 of 12" through "12 of 12" of the Complaint, which is filed as part of Document Number 2 on the instant case's Civil Docket Sheet.

sufficient to form a belief as to the allegations regarding "internal affairs," medical treatment plaintiff may have obtained, and whether plaintiff was arraigned. Further, Defendants admit only that, on July 21, 2014, members of the New York City Police Department ("NYPD") executed a lawfully obtained search warrant at 1069 Grant Avenue, Bronx, New York and that plaintiff was lawfully arrested and transported to Bronx-Lebanon Hospital.

3. Deny the allegations set forth in paragraph "III" of the Prisoner Form Complaint, except admit only that plaintiff was transported to Bronx-Lebanon Hospital on or about July 21, 2014.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV" of the Prisoner Form Complaint and its subparts, except admit only that plaintiff does not purport to allege that the purported incident occurred while he was incarcerated.

5. Deny the allegations set forth in paragraph "V" of the Prisoner Form Complaint, except admit only that plaintiff purports to seek the relief stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the Prisoner Form Complaint and its subparts.

**FIRST AFFIRMATIVE DEFENSE:**

7. The Prisoner Form Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

8. Defendants City of New York and Detective Investigator Schiffman have not violated any rights, privileges, or immunities under the Constitution or laws of the

United States or the State of New York or any political subdivision thereof, nor have defendants City of New York and Detective Investigator Schiffman violated any acts of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

9. Defendants Detective Investigator Schiffman has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

10. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the conduct of third parties and was not the proximate result of any act of defendant.

**FIFTH AFFIRMATIVE DEFENSE:**

11. Plaintiff provoked any incident.

**SIXTH AFFIRMATIVE DEFENSE:**

12. To the extent any force was used, such force was reasonable, necessary, and justified.

**SEVENTH AFFIRMATIVE DEFENSE:**

13. Plaintiff has failed to mitigate his alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE:**

14. At all times relevant to the acts alleged in the Prisoner Form Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

**NINTH AFFIRMATIVE DEFENSE:**

15. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**TENTH AFFIRMATIVE DEFENSE:**

16. To the extent that the Prisoner Form Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), et seq.

**ELEVENTH AFFIRMATIVE DEFENSE:**

17. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE:**

18. There was probable cause for plaintiff's arrest, detention, and prosecution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff has failed to state a valid claim under <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978).

**FOURTEENTH AFFIRMATIVE DEFENSE**

20. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

[R<small>EMAINDER OF PAGE LEFT INTENTIONALLY BLANK</small>]

**WHEREFORE**, Defendants City of New York and Detective Investigator Schiffman request judgment dismissing the Prisoner Form Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          November 15, 2016

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants City and Schiffman*
        100 Church Street | Room 3-306(A)
          Tel: (212) 356-5051
        zbergman@law.nyc.gov

        By:        / s/
            Zachary Russell Bergman
            *Assistant Corporation Counsel*

cc:   **VIA U.S. MAIL**
      Anthony J. Madera
      *Plaintiff Pro Se*
      1039 Elder Avenue
      Bronx, New York 10472