

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

ZACHARY W. CARTER
Corporation Counsel

ZACHARY RUSSELL BERGMAN
*Assistant Corporation Counsel*
Tel.: (212) 356-5051
Fax: (212) 356-3509
zbergman@law.nyc.gov

December 23, 2016

**VIA ECF**
Honorable Ronald E. Ellis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>Anthony J. Madera v. City of New York, et al.</u>,
           16 CV 5365 (JPO) (RLE)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York representing defendants City of New York and Detective Investigator Stanley Schiffman ("City Defendants") in the above-referenced action.[1] City Defendants write to respectfully request a Court Order: (i) directing plaintiff to provide City Defendants, by a date certain, with the appropriate executed consent and authorization forms so that City Defendants can obtain plaintiff's arrest/criminal prosecution records and medical records; and (ii) directing plaintiff to provide an updated mailing address by a date certain.

      By way of background, liberally construing the complaint, plaintiff appears to allege, among other things, that on July 21, 2014, he was subjected to excessive force, in violation of his constitutional rights, during a search allegedly undertaken by the New York City Police Department at the apartment of non-party Marvin Green. During that incident, plaintiff was arrested, however, plaintiff is not bringing a false arrest claim in this action. Accordingly, it

---

[1] Upon information and belief, defendants Harry Arocho and Alex Yung have not yet been served with process despite the issuance of summonses regarding same on August 11, 2016. Defendants note that the Court, in its August 11, 2016 Order, directed plaintiff that it is his "responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service" and that more than 90 days have passed since issuance of same. (Docket Entry No. 7)

is City Defendants understanding that the records of plaintiff's related underlying criminal actions, including the relevant police records, have been sealed pursuant to N.Y. Crim. Pro. L. § 160.50. For that reason, on October 19, November 15, and December 5, 2016, this office forwarded to plaintiff, for his execution, consent and authorization forms so that City Defendants can obtain plaintiff's related arrest and criminal prosecution records, which, upon information and belief, are sealed pursuant to law. Additionally, on those dates, City Defendants provided plaintiff authorization forms, for his execution, to obtain his relevant medical records as they relate to the injures he purportedly sustained as a result of the alleged incident. These documents are necessary for City Defendants to be able to properly assess and evaluate plaintiff's claims and defend against the allegations herein. Nonetheless, to date, plaintiff has not yet returned the requested authorizations to this office. Moreover, City Defendants' November 15 and December 5, 2016 requests were returned by the U.S. Postal Service and marked undeliverable.

Accordingly, for the aforementioned reasons City Defendants write to respectfully request an Order: (i) directing plaintiff to provide City Defendants, by a date certain, with the appropriate executed §§ 160.50 and 160.55 releases and medical consent and authorization forms so that City Defendants can obtain plaintiff's relevant police and prosecution records and medical records; and (ii) directing plaintiff to provide an updated mailing address by a date certain.

Respectfully submitted,

/s/
Zachary Russell Bergman
Assistant Corporation Counsel
Special Federal Litigation Division

CC: **VIA U.S. Mail**
Anthony J. Madera
*Plaintiff Pro Se*
1039 Elder Ave.
Bronx, New York 10472